**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2915-18T2

HONG CHEN WANG, an Infant,
by his Guardian Ad Litem,
XIANGJIAO CHEN, and
XIANGJIAO CHEN, Individually,

     Plaintiffs-Appellants,

v.

OMAR F. PADILLA-ROJAS
and RUTH E. FLORES,

     Defendants-Respondents.

_____

Argued January 29, 2020 – Decided April 22, 2020

Before Judges Whipple, Gooden Brown, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1734-17.

Kay A. Gonzalez argued the cause for appellants (Bendit Weinstock, PA, attorneys; Anthony Mazza and Kay A. Gonzalez, on the briefs).

Maryann O'Donnell McCoy argued the cause for respondents (O'Donnell McCoy Heleniak, LLC,

attorneys; Maryann O'Donnell McCoy, of counsel;
David N. Heleniak, on the brief).

PER CURIAM

Plaintiff, Hong Chen Wang, [1] appeals from the February 15, 2019 summary judgment dismissal of his personal injury lawsuit against defendants Omar F. Padilla-Rojas and Ruth E. Flores for failure to meet the verbal threshold under N.J.S.A. 39:6A-8(a), which is part of the Automobile Insurance Cost Reduction Act. We affirm.

We derive the following facts from the evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, viewed in the light most favorable to plaintiffs, who opposed entry of summary judgment. Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135 (2017). In April 2016, then-nine-year-old plaintiff was a passenger in the back seat of a car that was struck when another car, driven by Padilla-Rojas and owned by Flores, ran a stop sign. Plaintiff suffered a "severe frontal scalp laceration and hematoma"; the laceration was 3.2 centimeters in length and required approximately twenty sutures by a plastic surgeon. Plaintiff now has a scar on his forehead.

---

[1] Plaintiff's guardian ad litem, Xiangjiao Chen, is also a plaintiff. For purposes of efficiency we only refer to Hong Chen Wang as plaintiff in this opinion.

Plaintiff filed a complaint and jury demand on August 8, 2017, alleging carelessness, recklessness, and negligence on the part of defendants. Defendants motioned for summary judgment for plaintiff's failure to vault the verbal threshold under N.J.S.A. 39:6A-8(a), and a hearing was held on February 15, 2019. While defendant stipulated plaintiff's scar was permanent, defense counsel argued it was not "significant and disfiguring," and therefore did not meet the burden under Soto[2] to overcome the verbal threshold under N.J.S.A. 39:6A-8(a).[3]

When the judge examined plaintiff's scar, she stated, "[s]o, it is difficult . . . for me to see this. But I do note for the record that there is what appears to be a scar . . . above the left eyebrow, perhaps center of the forehead to the left." Both parties' counsel agreed the scar was 3.2 centimeters long. The judge went on to observe that:

> It looks like [plaintiff] had a wonderful surgeon, because it is seemingly a faint . . . scar. I'd describe it as faint. Do you mind if I touch your forehead?
>
> . . . .

---

[2] Soto v. Scaringelli, 189 N.J. 558 (2007).

[3] The record contains photos submitted by both parties, some undated. However, the judge based her determination not on pictures, but on her personal examination of the scar in court on the day of the motion hearing.

A-2915-18T2

Okay. . . . [I]f I know it's there I could probably feel a little difference, but it's not a jagged scar. It looks to be a somewhat clean scar . . . .

So, I have, as is required under Soto, reviewed [plaintiff's] scar.

. . . .

He does have a scar on his forehead, but it is very faint. I don't know that . . . it was difficult to find the scar in the first instance. And it's not raised, as far as I could feel. I did feel [plaintiff's] forehead and . . . knowing I was trying to feel for it, could detect perhaps some difference, but . . . I can't say it would be any more than a blemish if someone had acne of some sort.

So, it's a clean scar. And by that I mean it's not jagged. It does appear that the plastic surgeon did an exceptional job. And I can't find that a rational juror could . . . conclude, even though I do acknowledge the scar is on the face, which I take is an area that is of greater concern when evaluating the scar. But even accepting that it's a scar on the face that may give me ordinarily the sense of significance to the position of the scar, I can't ignore the other parts here, which would be that the scar is difficult to see, difficult to feel. It's clean in the sense of, as I said, without knowing it wouldn't necessarily appear to me to be a scar as opposed to perhaps a blemish in . . . some minor, minor sense.

The judge found that a rational juror could not determine that plaintiff's scar "substantially detracts from the victim's appearance or impairs or injures the beauty, symmetry or appearance of the person to render him unsightly,

4

misshapen or imperfect."  Even taking into consideration that "the scar is on the face," the judge could not say plaintiff's scar "qualifies to allow a . . . rational juror to conclude that the verbal threshold has been satisfied."  She then granted defendant's motion for summary judgment.

This appeal followed.

We review a summary judgment ruling de novo, applying the same standards that govern the trial court.  Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014).  When reviewing a grant of summary judgment, we view the facts in the light most favorable to the plaintiff.  DiProspero v. Penn, 183 N.J. 477, 482 (2005) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).  The trial judge's function is not to "weigh the evidence and determine the truth of the matter but only to determine whether there is such a dispute."  Hammer v. Twp. of Livingston, 318 N.J. Super. 298, 310 (App. Div. 1999) (citing Brill, 142 N.J. at 540).

Plaintiff argues the judge made impermissible findings of fact "completely contrary to the evidence in the record" and "in disregard of the summary judgment standard" when she determined plaintiff's facial scar did not meet the objective factors she enumerated on the record.  Plaintiff contends, contrary to

the judge's findings, the record reflects that a reasonable jury could find plaintiff's scar is substantial, and that it therefore meets the verbal threshold.

The verbal threshold law was designed to "control the spiraling costs" of insurance premiums "to both consumers and insurance companies." DiProspero, 183 N.J. at 487-88. To that end, where a plaintiff is injured in an automobile accident, N.J.S.A. 39:6A-8(a) limits the recovery of noneconomic loss to those who have "sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring . . . ." Id. at 488. As to scarring, the "fact of disfigurement or scarring itself provides objective, credible evidence of the injury. The issue on a motion for summary judgment, therefore, is whether the scar or disfigurement is significant . . . ." Craig & Pomeroy, Current N.J. Auto Insurance Law, § 15:4-3(b) (2020).

In Soto, the New Jersey Supreme Court adopted the standards set forth in Falcone and Puso, as well as those set forth under the Tort Claims Act under Hammer and Gilhooley, to determine whether a scar vaults the verbal threshold. Soto v. Scaringelli, 189 N.J. 558, 574 (2007) (first citing Falcone v. Branker, 135 N.J. Super. 137 (Law Div. 1975); then citing Puso v. Kenyon, 272 N.J. Super. 280 (App. Div. 1994); then citing Hammer, 318 N.J. Super. at 298; and then citing Gilhooley v. Cty. of Union, 164 N.J. 533 (2000)). Under those

6

standards, the plaintiff bears the burden of showing that, objectively, "the disfigurement or scarring substantially 'impair[s] or injure[s] the beauty, symmetry, or appearance of a person, rendering the bearer unsightly, misshapen or imperfect, deforming her in some manner.'" Ibid. (alterations in original) (quoting Gilhooley, 164 N.J. at 544). "In making that objective determination, a number of factors are relevant, 'including appearance, coloration, existence and size of the scar, as well as, shape, characteristics of the surrounding skin, remnants of the healing process, and any other cosmetically important matters.'" Ibid. (quoting Gilhooley, 164 N.J. at 544).

When opposing a motion for summary judgment based on failure to vault the verbal threshold for disfigurement or scarring, the plaintiff must, at a minimum "(1) present the plaintiff's disfigurement or scarring for direct observation by the trial court; (2) ensure that the record contains the trial court's description of the disfigurement or scarring; and (3) create and preserve for meaningful appellate review an accurate photographic record of the plaintiff's claimed disfigurement or scarring." Id. at 575-76. "The court's observations, which should in every case be articulated . . . will serve as the predicate for a determination whether the scar is objectively significantly disfiguring so as to defeat defendant's motion for summary judgment." Puso, 272 N.J. Super. at 292

7

(citing Falcone, 135 N.J. Super. at 148).

"'[T]he disfigurement must be more than a trifling mark discoverable on close inspection . . . a disfigurement becomes serious when it substantially detracts from the appearance of the person disfigured' in order to vault the verbal threshold . . . ." Soto, 189 N.J. at 572 (quoting Falcone, 135 N.J. Super. at 147). In Soto, the New Jersey Supreme Court determined the plaintiff did not vault the verbal threshold where the two and three-quarter inch permanent scar on her shoulder was not readily apparent from three feet away, was thin and a little lighter than the surrounding skin, with no keloid features, and the metal plate implanted in her shoulder was not visible, but could only be felt. Id. at 565, 567, 576-78.

Here, as instructed by Soto, the judge examined plaintiff's appearance and stated her observations on the record as to the appearance, size, location, and feel of the scar, as well as how it had healed. The judge noted it was difficult for her to find the scar in the first place, and when she attempted to feel the scar, she felt something similar to "a blemish if someone had acne of some sort." She stated without knowing the scar was there she would not realize it was a scar, but perhaps a "blemish in . . . some minor, minor sense." The judge also considered "any other cosmetically important matter," as instructed by Soto, 189

N.J. at 574, when she addressed the location of the scar on plaintiff's forehead, and stated that while she was "troubled" by the location, she could not "ignore the other parts here, which would be that the scar is difficult to see, difficult to feel."

The judge determined that, despite the location of the scar, which was in a prominent position, the scar was difficult to see or feel, and found that a rational juror could not determine that plaintiff's scar "substantially detracts from the victim's appearance or impairs or injures the beauty, symmetry, or appearance" of plaintiff "to render him unsightly, misshapen or imperfect." Because the judge considered all of the Soto factors, and did not appear to weigh evidence to determine the truth of the matter, but rather considered her observations in light of whether a rational juror could find plaintiff's scar overcame the verbal threshold, we discern no reason to reverse the court's decision.

From a distance close enough that she could touch plaintiff's scar, the judge had difficulty finding the scar, and only after she looked for it, did she note that it appeared to be a blemish in a "minor, minor sense." We are therefore satisfied that plaintiff has not demonstrated evidence of a qualifying injury in that the scar, though permanent, was not objectively significant and therefore does not

meet the verbal threshold.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2915-18T2